UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

KEITH N. SMITH,

                      Plaintiff,

vs.                                 Case No.   2:10-cv-668-FtM-36DNF

STATE OF FLORIDA PAROLE AND
PROBATION COMMISSION; PAMELA
CARWISE; HAL WILLIAM LEST,

                      Defendants.
_____


## OPINION AND ORDER

This matter comes before the Court upon review of the Motion to Dismiss (Doc. #20, Motion) filed on behalf of Defendants State of Florida Parole and Probation Commission, Parole Examiners Pamela Carwise and Hal William Lest on May 20, 2011. Plaintiff filed a Response (Doc. #22, Response) and attached exhibits (Doc. #22-1, Pl's Exhs. A-C) consisting of a copy of the envelope that was used to mail the Defendants' Motion, an affidavit from himself, and an affidavit from Florida Civil Commitment Center resident Tom Barker.[1] This matter is ripe for review.

### I. Status

Keith N. Smith, a *pro se* plaintiff who is civilly committed at the Florida Civil Commitment Center ("FCCC"), initiated this action

---

[1] Plaintiff's response does not address the issues raised in the Defendants' Motion. Instead, Plaintiff's response raises issue with the date he received a copy of the Defendants' Motion, despite the Defendants' certificate of service showing the Motion was mailed the same day it was filed.

by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 with attached supporting exhibits (Doc. #1-1, Pl's Exhs.). *See* Complaint at 1-2; *see generally* Pl's Exhs. Plaintiff sues the Florida Parole and Probation Commission (hereinafter "FPC") and two parole examiners, who Plaintiff claims were involved in the erroneous violation of his conditional release, in their official and individual capacities. Complaint at 1-4. Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights protected under the United States Constitution, as well as "pendent State constitutional and tort claims." *Id.* at 2.

The incident giving rise to the cause of action stems from the FPC's decision to violate Plaintiff's conditions of release despite the parole examiner's finding that Plaintiff did not willfully violate any conditions, which resulted in Plaintiff's removal from the FCCC and imprisonment with the Department of Corrections. *See generally* Complaint at 3; *see also* Pl's Exhs. According to the Complaint, on an unspecified date the FPC mailed Plaintiff a notice advising him that a hearing would commence on September 22, 2009, at DeSoto County Jail, to determine whether Plaintiff violated the following conditions:

> 1. Violated Condition 8(d) by failing to promptly and truthfully answer all questions and follow all instructions asked or given to him by his Conditional Release Officer or the Commission, in that on July 9, 2009, Plaintiff was instructed to sign up for sex offender treatment, and that he failed to do so as of July 31, 2009.

>    2. Violated Special Condition 24 which states, "You shall participate during your Conditional Release term, in a sex offender treatment program, at your own expense, until a determination is made by authorities of the program that you are no longer in need of said treatment, or you complete your term of supervision, whichever occurs first," in that he was instructed on July 9, 2009, to sign up for sex offender treatment, and this he has failed to do.

See Pl's Exh. at 1.

On September 22, 2009, the FPC held Plaintiff's hearing. Mr. Walker, a FCCC Clinician who Plaintiff identifies as his "treatment therapist/case manager," testified that Plaintiff was "signed up for sex offender treatment" at the FCCC and was attending "phase 1" of the program. Complaint at 3. At the conclusion of the September 22, 2009 hearing, the parole examiner, Defendant Lest, completed the FPC documentation finding that Petitioner was "not guilty/not willful" of violating conditions 8(d) and 24. Pl's Exh. at 3. Nonetheless, Plaintiff alleges that the FPC "chose to violate [Plaintiff's] conditional release anyway" and send him to the Department of Corrections, specifically the Central Florida Reception Center, for a five-day period of time. Complaint at 1, 3; Pl's Exh. Doc. #1-1 at 4. As a result of the FPC's actions, Plaintiff was removed from his treatment group at the FCCC and upon his return to the FCCC was forced to start at the beginning of the sex offender treatment program. *Id.* at 4. Plaintiff seeks $100,000 in monetary damages, punitive damages, an injunctive

order, costs and reasonable attorney's fees, and any other relief the Court deems proper. *Id.* at 4.

Defendants move to dismiss and first claim that Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)(2) because the Complaint is a "quintessential shot gun pleading." Motion at 5. The Court disagrees with Defendants and finds that the *pro se* Complaint complies, in pertinent part, with Fed. R. Civ. P. 8. Defendants also move to dismiss, claiming that the FPC is not a "person" under section 42 U.S.C. § 1983 and that the individual parole officers are entitled to "judicial immunity." *Id.* at 8-10. Defendants also raise qualified immunity as to any claims against the officers in their individual capacities, as well as Eleventh Amendment immunity. *Id.* at 7-8; 10-15. For the reasons herein, the Court will grant in part and deny in part the Defendants' Motion.

## II. Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556

U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the *Twombly-Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating *Conley*, 355 U.S. 41 in part and stating that *Conley* did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Additionally, there is no longer a heightened pleading requirement. *Randall*, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III. Applicable Law

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred

under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh*, 268 F.3d at 1059; *Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Plaintiff alleges a violation of his Fourth and Fourteenth Amendment rights under the United States Constitution. *See* Complaint. Liberally construing the *pro se* Complaint, Plaintiff alleges a claim of false imprisonment, malicious prosecution, and a due process claim. *Id.* at 2. The Defendants include two Florida parole examiners in their official and individual capacities. *Id.* at 1. Defendants do not dispute that the parole examiners were acting under the color of state law at the time of the incident. *See* Motion. Plaintiff also names the "FPC" as a Defendant. *Id.*

**A. Fourteenth Amendment- Due Process Claim**

As a general rule, in order to sustain a due process violation under the Fourteenth Amendment, one must have a liberty interest created by the United States Constitution or by a state. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991). Interests protected by the Due Process Clause may be created by prison regulation, *see Wolff v. McDonnell,* 418 U.S. 539, 556-58 (1974), and state statutes

and regulations, *Vitek v. Jones*, 445 U.S. 480, 488 (1980). *See also Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982). The Constitution does not confer a liberty interest in parole, *Swarthout v. Cooke*, ____ U.S. ____, 131 S. Ct. 859, 862 (Jan. 24, 2011)(citations omitted). The Eleventh Circuit Court of Appeals has previously found that the Florida statutes do not create a liberty interest in parole, because the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, *Hunter v. Florida Parole & Probation Commission*, 674 F.2d 847, 848 (11th Cir. 1982).

Where there is no liberty interest in parole, "the procedures followed in making the parole determinations are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995). However, a limited exception to this rule exists when there is "flagrant or unauthorized action" by the Board. *Monroe*, 932 F.2d at 1441. In *Monroe*, the Eleventh Circuit Court of Appeals held that a parole board's discretion is not unlimited, and determined that the parole board's reliance on admittedly false information constituted "unauthorized action." *Id.* at 1442. Although an inmate has no due process right to an error-free determination of parole eligibility, a prison official may not engage in "arbitrary and capricious" or "flagrant or unauthorized action," such as knowingly or admittedly

relying on false information in making parole decisions. *Monroe*, 932 F.2d at 1442, n. 11. However, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. *Slocum*, 678 F.2d 940 (11th Cir. 1982).

The following minimum requirements of due process must be provided in a parole revocation proceeding:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses ...; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972). However "a mere error of state law is not a denial of due process." *Swarthout*, 131 S. Ct. at 863 (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n. 21 (1982)).

These same limited liberties must also be afforded to a Florida prisoner while on "conditional release." *See Brown v. McNeil*, Case No. 3:05-cv-86-32TEM, 591 F.Supp.2d 1245, 1259-1260 (M.D. Fla. May 14, 2008)(citing cases and explaining that Florida's Conditional Release program is a "probation-type program."). "Florida courts have imputed the same due process protections governing probation and parole revocation decisions to challenges to conditional release supervision revocations." *Id.* at 1260

(citing *Houck v. Florida Parole Comm'n*, 953 So. 2d 692, 692 (Fla. 1st DCA 2007)(holding circuit court failed to observe essential requirements of law where it upheld revocation based on petitioner's violation of conditional release supervision curfew requirement without any evidence that violation was both willful and substantial); *Ellis v. Florida Parole Comm'n*, 911 So. 2d 831, 832 (Fla. 1st DCA 2005)(holding circuit court failed to observe essential requirements of law where it upheld revocation based on petitioner's violation of conditional release supervision requirement that he not leave county, where hearing officer determined petitioner was guilty, but that his violation was not willful). *See also Lawson*, 969 So. 2d at 230 (holding that Florida Supreme Court's requirement that a violation underlying probation revocation must always be found to be both willful and substantial satisfies probation statute's requirement that revocation be supported by finding that probationer has violated a condition of probation "in a *material* respect"); *Collins v. Hendrickson*, 371 F.Supp.2d 1326, 1328 (M.D. Fla. 2005)(granting habeas petition where revocation of petitioner's control release supervision violated due process when FPC failed to follow statute's mandate for revocation). Thus, while there is no federal right to conditional release supervision, "having exercised the discretion to [place a prisoner into that program]," the State is "constrained by substantive limitations on its authority to rescind [it]."

*Brown*, 591 F.Supp.2d at 1260 (citing *Collins*, 371 F.Supp.2d at 1348)(other citations omitted).

Florida Statute § 947.141 "places substantive limitations on the FPC when it is deciding whether to revoke a person's supervision." *Collins v. Henderickson*, 371 F. Supp.2d 1326, 1328 (M.D. Fla. Jan. 26, 2005). "In sum, the FPC must make its decision based on the factual findings of its authorized representative, the hearing examiner." *Id.* "The FPC cannot disregard a hearing examiner's factual findings and substitute its own, where the hearing examiner's findings are supported by competent, substantial evidence. *Id.*

**B. Fourth Amendment-False Imprisonment and Malicious Prosecution Claims**

Malicious prosecution can form a basis for a Fourth Amendment claim under § 1983. *DeRosa v. Rambosk*, 732 F.Supp.2d 1285, 1300-01 (M.D. Fla. Aug. 11, 2010)(citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)). To state a claim for malicious prosecution, a plaintiff must allege the following elements: (1) that an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (5) there was malice on the part of the present defendant; and (6) the plaintiff

suffered damage as a result of the original proceedings. *Cohen v. Corwin*, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008); *see also Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). A false imprisonment claim requires the same elements listed for a malicious prosecution claim, and also requires a Fourth Amendment violation. *Kingsland*, 382 F.3d at 1234.

### IV. Application of Law to the Facts

#### A. Whether the Florida Parole Commission is a "Person"

The Court first addresses Defendants' argument that the "FPC" is not a "person" under 42 U.S.C. § 1983. Motion at 6. Here, Plaintiff names as Defendants the FPC and two parole examiners, in their official and individual capacities. *See* Complaint at 4; Motion at 2 (recognizing suit filed in official and individual capacities). It is well established that a suit against a state officer in his or her official capacity is considered to be a suit against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Dean v. Barber*, 951 F.2d 1210, 1214-1215 (11th Cir. 1992)(noting that sheriff's departments and police departments are not usually considered "legal entities" subject to suit, but further noting that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held). Significantly, Defendants cite to no case law, or the relevant Florida Statutes, in support of their proposition that the FPC is not a "person" under 42 U.S.C. § 1983. *Id.* Therefore, at

this stage of the litigation, the Court will not grant Defendants' Motion and find that the FPC is not an entity subject to suit under § 1983.

**B. Fourth and Fourteenth Amendment Claims**

According to the Complaint, Plaintiff was placed on conditional release supervision while civilly confined at the FCCC. *See* Complaint; *see also Parole Commission v. Smith*, 896 So. 2d 966 (Fla. 2d DCA 2005)(finding that Plaintiff, who is an FCCC resident, can be placed on conditional release supervision while civilly committed under Florida's Sexually Violent Predators Act, formerly known as the Jimmy Ryce Act). Plaintiff avers that despite Defendant Lest's determination that Plaintiff did **not** willfully violate the conditions of his supervision and that Plaintiff was "not guilty," the FPC nonetheless violated Plaintiff's conditional release. Complaint at 3. As a result, Plaintiff was transferred from the custody of the Department of Children and Families into the custody of the Secretary of the Florida Department of Corrections and imprisoned for a five-day period of time. The Complaint and exhibits attached thereto suggest that Plaintiff did not have a written statement by the parole commission as to the evidence they relied on and their reasons for finding that Plaintiff violated the conditions of his release. To the contrary, the FPC's statement shows that the parole examiner found Plaintiff did not violate the conditions of his release. Defendants do not

address these facts in their Motion. *See* Motion. Thus, at this stage of the proceedings, the Court finds that the Complaint includes sufficient facts to state a Fourth and a Fourteenth Amendment claim.

**C. Parole Board Defendants-Claim for Monetary Damages**

The Eleventh Circuit Court of Appeals has repeatedly held that members of a parole board and parole officers are entitled to absolute quasi-judicial immunity from a suit for monetary damages. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)(citing *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307, 1310 (11th Cir. 1988); *see also Clark v. State of Ga. Pardons & Paroles*, 915 F.2d 636, 641 n. 2 (11th Cir. 1990); *Sultenfuss v. Snow*, 894 F.2d 1277, 1278-79 (11th Cir. 1990), *vacated and affirmed on other grounds after rehearing en banc*, 35 F.3d 1494 (11th Cir. 1994)). Plaintiff seeks monetary[2] damages against Defendants Carwise and Lest, who are parole examiners, in their individual capacities for their actions relative to the violation of Plaintiff's conditions of release. Complaint at 4. Thus, under quasi-judicial immunity Plaintiff is prohibited from seeking monetary damages against Defendants Carwise and Lest in their individual capacities. Defendants' argument that they are entitled to qualified immunity in their individual capacities is therefore

---

[2] Plaintiff's claim for declaratory relief, injunctive relief, and any other relief the Court deems appropriate, is not prohibited and will proceed.

-14-

moot. *See Holmes*, 418 F.3d at 1259 n. 7. However, to the extent that Plaintiff seeks declaratory or injunctive relief, the shield of immunity is inapplicable. *Fuller*, 851 F.2d at 1310.

Similarly, the law is well established that the Eleventh Amendment bars monetary damages against the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)(citing *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)(other citations omitted)(stating a suit against a state employee in his official capacity is a suit against the State for Eleventh Amendment purposes)). The Eleventh Amendments also "bars state law claims against a State in federal court, even where the Plaintiff is only seeking prospective relief." *Thorne v. Chairperson Florida Parole Com'n*, 427 F. App'x 765 (11th Cir. 2011)(citing *Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89, 103-06 (1984)). Thus, to the extent Plaintiff seeks monetary damages against the Chairperson of the Florida Parole Commission, or against the parole examiners in their official capacities, his claim for monetary damages is barred by Eleventh Amendment immunity.

However, Plaintiff's request for declaratory relief, or prospective relief, against the Defendants in their official capacities is not barred by the Eleventh Amendment. *Graham*, 473 U.S. at 167, n. 14. To set forth an official capacity claim against Defendants, Plaintiff would have to allege that a custom or policy set forth by the FPC, or lack thereof, was the "moving

force" behind the alleged constitutional violation. *Graham*, 473 U.S. at 166; *see also Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Here, Plaintiff claims that the FPC's lack of policies impacted him. Complaint at 2. Specifically, Plaintiff alleges the FPC "failed to promulgate administrative rules specifically pertaining to residents at the FCCC." *Id.* Therefore, the Court will allow Plaintiff's official capacity claim to proceed against the Defendants.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss (Doc. #20) filed on behalf of Defendants Florida Parole Commission, and parole examiners Pamela Carwise and Hal William Lest is **GRANTED in part** and **DENIED in part**.

2. The Motion to Dismiss is **GRANTED** with respect to Plaintiff's claims for monetary damages against the Florida Parole Commission and Defendants Carwise and Lest in their official and individual capacities.

3. In all other respects, the Motion IS **DENIED**.

4. Defendants shall file an answer to Plaintiff's Complaint within twenty-one (21) days from the date on this Order.

**DONE AND ORDERED** at Fort Myers, Florida, on this 16th day of December, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record